UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-03336-SSS-DMK                    Date:    July 6, 2026
Title:       *Kresha Cael v. County of San Bernardino*

Present:       The Honorable  **DIANA M. KWOK, U.S. MAGISTRATE JUDGE**

K. Lozada                                               N/A
Deputy Clerk                                   Court Recorder: N/A

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

N/A                                                      N/A

**Proceedings:**        (In Chambers) **ORDER DEFERRING RULING ON APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND ORDER TO SHOW CAUSE RE: STAY PURSUANT TO *YOUNGER* ABSENTION**

On June 16, 2026, Plaintiff Kresha Cael, proceeding *pro se*, filed a civil rights complaint alleging violations of her due process rights pursuant to 42 U.S.C. § 1983, as well as a *Monell* claim against the County of San Bernardino. ECF 1 at 12–15. Plaintiff concurrently filed a Request to Proceed *in forma pauperis* ("IFP Request") (ECF 2) and an *ex parte* application seeking a temporary restraining order ("TRO") directing the County to preserve specific categories of records and electronically stored information (ECF 5). On June 18, 2026, the Court denied Plaintiff's request for a TRO. ECF 13. On July 6, 2026, Plaintiff filed an amended complaint ("FAC") (ECF 16) alleging the same claims, in addition to filing an amended TRO request (ECF 17). As explained below, the Court defers ruling on Plaintiff's IFP Request and Plaintiff is ordered to show cause why the case should not be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff alleges that Defendant submitted materially inaccurate or incomplete reports in ongoing state dependency proceedings concerning her minor child, thereby depriving Plaintiff of her parental rights. *See generally* ECF 16. The Complaint asserts the following claims: (1) Fourteenth Amendment due process violations from the suspension of Plaintiff's visitation rights based on materially inaccurate reports; and (2) a *Monell* claim against Defendant for maintaining policies permitting submission of inaccurate information without corrective oversight. *Id.* at 7–10. Plaintiff seeks injunctive and declaratory relief, as well as compensatory damages. *Id.* at 11–12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-03336-SSS-DMK                Date:  July 6, 2026
Title:      *Kresha Cael v. County of San Bernardino*

Based on the allegations in the Complaint, it appears that there is a Welfare and Institutions Code § 366.26 hearing in the underlying dependency matter that is currently set to take place on July 17, 2026. *Id.* at 6. Because this lawsuit asserts constitutional violations with respect to the same dependency matter, it appears to be subject to *Younger* abstention.

Under the *Younger* abstention doctrine, a federal court must abstain from interfering with ongoing state criminal proceedings unless "an injunction is necessary to prevent great and immediate irreparable injury." *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986) (citing *Younger*, 401 U.S. 37). The Supreme Court subsequently expanded *Younger*'s application to certain state civil proceedings. *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). In 2013, the Supreme Court clarified that *Younger* applies to only three types of state court proceedings: (1) ongoing state criminal prosecutions; (2) quasi-criminal civil enforcement proceedings; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions," such as a civil contempt order or a requirement for posting bond pending appeal. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–81 (2013) (citation modified).

In civil cases, *Younger* abstention is required when state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate federal claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (noting three *Younger* criteria and adding fourth that "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding" (citation omitted)). Exceptions to *Younger* abstention arise if bad faith, harassment, or some other extraordinary circumstance would make abstention inappropriate. *See Middlesex Cnty.*, 457 U.S. at 437.

Each of the *Younger* elements appears to be met in this case. First, the claims relate to juvenile dependency proceedings that are ongoing in California state court. ECF 1 at 12. Second, child custody and juvenile dependency cases are quasi-criminal enforcement actions subject to *Younger*. *See Moore v. Sims*, 442 U.S. 415, 423 (1977) (holding that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court under the *Younger* doctrine); *Sprint*, 571 U.S. at 79 (citing *Moore* as a type of quasi-criminal enforcement action subject to *Younger* abstention because it is a "state-initiated proceeding to gain custody of children allegedly abused by their parents"). Third, the state proceedings implicate important state interests. "Family relations are a traditional area of state concern," and "federal courts have

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-03336-SSS-DMK                    Date:    July 6, 2026
Title:        *Kresha Cael v. County of San Bernardino*

no jurisdiction … in the field of domestic relations." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (explaining that a federal civil rights action alleging that a state violated plaintiff's due process rights in a custody proceedings "is precisely the type of case suited to *Younger* abstention"). Fourth, the state proceedings provide Plaintiff an adequate opportunity to raise her constitutional claims. *See, e.g., Sanders v. Dep't of Children & Family Servs*., No. CV 13-8839-SVW (AGR), 2014 WL 1255829, at *3 (C.D. Cal. Feb. 10, 2014) (concluding that "nothing prevents" plaintiff from raising her federal claims in California state court child dependency proceedings). This is especially true, given that a § 366.26 hearing is set for later this month. Fifth, a "determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Finally, the Complaint does not describe any "exceptional circumstances" to warrant the Court's interference with the state court dependency proceedings. A claim of constitutional error during the ongoing state proceeding, by itself, is insufficient to invoke an exception to *Younger* abstention. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) ("[T]he constitutional dimension of the error claimed does not, by itself, constitute an exception to the application of *Younger* abstention.").

"Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action." *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988). "[A]n abstention-based stayed order, rather than a dismissal, is appropriate when [monetary] damages are at issue." *Gilbertson*, 381 F.3d at 975.

For the reasons above, it appears that *Younger* abstention applies to this case. Because Plaintiff seeks damages, a *Younger* stay is appropriate. In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to respond before issuing a recommendation that the lawsuit be stayed pursuant to *Younger*. The Court further defers ruling on Plaintiff's IFP request until after resolving the *Younger* abstention issue.

Plaintiff is ORDERED to show cause in writing by no later than July 31, 2026, why this Court should not recommend that this lawsuit be stayed based on the *Younger* abstention doctrine. Plaintiff may satisfy this Order by filing a written response containing one of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-03336-SSS-DMK                 Date:    July 6, 2026
Title:       *Kresha Cael v. County of San Bernardino*

following: (1) an admission that this lawsuit is barred by the *Younger* abstention doctrine; or (2) a response arguing why this lawsuit is not subject to *Younger* abstention.

In lieu of filing a response to this Order, Plaintiff may request to dismiss this action voluntarily pursuant to Federal Rules of Civil Procedure 41(a). The Clerk is directed to attach a form Notice of Dismissal for Plaintiff's convenience.

Plaintiff is advised that failure to comply with this Order will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or comply with court orders. *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.

**IT IS SO ORDERED.**

Initials of Preparer        kl